UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EMMANUEL QULIEZ,
  a/k/a EMMANUEL QUILES,

                            Plaintiff,
         v.                                          9:17-CV-0030
                                                     (GTS/DEP)

M. TEMPLE,
                            Defendant.
_____

APPEARANCES:

EMMANUEL QULIEZ,
   a/k/a Emmanuel Quiles
12-A-0829
Plaintiff, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

GLENN T. SUDDABY
Chief United States District Judge

## **DECISION and ORDER**

Emmanuel Quliez ("Plaintiff") commenced this action pro se in January, 2017, by filing a complaint. Dkt. No. 1. Plaintiff did not pay the filing fee but instead submitted an application to proceed in forma pauperis. Dkt. No. 2 (the "First IFP Application").

On January 11, 2017, the Court issued an Order administratively closing this action due to Plaintiff's failure to comply with the filing fee requirements. Dkt. No. 4 (the "January 11, 2017 Order"). Plaintiff was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of $400.00 in full, or (2) submit a completed, signed and properly certified IFP Application within thirty (30) days of the filing date of that

Order.[1] *Id.* at 2. Plaintiff filed a second IFP Application. Dkt. No. 5 (the "Second IFP Application").[2] Although the Second IFP Application was completed and signed by Plaintiff, as with the original IFP Application, the certificate portion of the Second IFP Application was not completed. *Id.* at 2. No inmate account statements were provided with the Second IFP Application. Accordingly, by Decision and Order filed on January 25, 2017, Plaintiff's Second IFP Application (Dkt. No. 5) was **denied as incomplete**. Dkt. No. 7 (the "January 25, 2017 Order"). In light of Plaintiff's *pro se* status, and because he had attempted to comply with the January 11, 2017 Order, the Court afforded Plaintiff **a final opportunity** to submit **either** (1) the full filing fee of $400.00 **or** (2) a completed, signed, and certified IFP Application. *Id.* at 3-4. Plaintiff was also advised that he could submit his inmate account statements in lieu of the completed Certificate portion of the IFP Application. *Id.* at 4 n.4 (citing 28 U.S.C. § 1915(a)(2)). Plaintiff was warned that if he failed to comply with the terms of the January 27, 2017 Order, this action would be dismissed without prejudice without further Order of the Court.[3]

Presently before the Court is plaintiff's third application to proceed in forma pauperis. Dkt. No. 8 (the "Third IFP Application"). The certificate portion of the Third IFP Application is not completed; Plaintiff has not provided inmate account statements in lieu of the certification;

---

[1] A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[2] Upon the filing of the Second IFP Application this action was reopened and restored to the Court's active docket. Dkt. No. 6.

[3] Despite the warning in the January 27, 2017 Order that this action would be dismissed without further order of the Court if Plaintiff did not comply with the terms of that Order, Plaintiff's *pro se* status and the submission of another IFP Application warrant a further Order of the Court.

2

nor has he paid the full filing fee of $400.00.  Because Plaintiff has failed to comply with the terms of the January 11, 2017 Order, the January 27, 2017 Order, or the filing fee requirements for District Court, this action is dismissed without prejudice.

Finally, the Court notes that, since May 7, 2015, Plaintiff has filed thirteen (13) actions in this District: 15-CV-0566, 16-CV-0181, 16-CV-0336, 16-CV-1173, 16-CV-1254, 16-CV-1363, 16-CV-1380, 16-CV-1453, 16-CV-1509, 16-CV-1510, 17-CV-0030, 17-CV-0079, and 17-CV-0124.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."  *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).  Where a litigant persists in the filing of vexatious suits, it may be appropriate to place reasonable limitations on the litigant's future access to the courts.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction.").  Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect

the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

The Court has carefully reviewed the record. Eleven (11) of the thirteen (13) above-listed actions have been dismissed for failure to comply with the District's filing-fee requirements (15-CV-0566, 16-CV-0181, 16-CV-0336, 16-CV-1173, 16-CV-1363, 16-CV-1380, 16-CV-1509, 16-CV-1510, 17-CV-0030, 17-CV-0079, and 17-CV-0124); and one of those cases is still pending, awaiting decision on a third motion to proceed *in forma pauperis* (16-CV-1453).[4] The Court finds that, in pursuing these actions, Plaintiff has exhibited a deliberate disregard of the District's filing-fee requirements. He was unrepresented by counsel in each of the actions. He has posed an unnecessary burden on the Court and its personnel. The Court finds that no other sanctions (such as a warning) would be adequate to protect the Court and its personnel, given Plaintiff's past conduct.

Based on the above-listed factors, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any document or pleading as a *pro se* plaintiff in this District without prior leave of the Chief Judge or his or her designee (except documents or pleadings in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed).

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's Third IFP Application (Dkt. No. 8) is **DENIED as incomplete**; and it is further

---

[4] The Court notes that one of Plaintiff's actions was transferred to the Southern District of New York (16-CV-1254).

**ORDERED** that this action is **DISMISSED without prejudice** for Plaintiff's failure to comply with the terms of the January 11, 2017 Order, the January 27, 2017 Order, or the filing fee requirements for District Court. The Clerk shall close this case; and it is further

**ORDERED** that Plaintiff shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, in writing, why he should not be enjoined from filing any document or pleading as a *pro se* plaintiff in the U.S. District Court for the Northern District of New York without prior leave of the Chief Judge or his or her designee (except documents or pleadings in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed); and it is further

**ORDERED** that, if Plaintiff does not fully comply with this Order to Show Cause, the Court will issue a subsequent order, without further explanation, permanently enjoining Plaintiff from filing a pleading or document of any kind in any case in this District as a *pro se* plaintiff without leave of the Chief Judge or his or her designee; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: February 10, 2017
     Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge